IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY, ET AL. <br> Plaintiffs | § § § § | |
| V. | § § | No. 5:01CV344 |
| ABACUS, ET AL. <br> Defendants | § § § | |

## NOTICE OF SCHEDULING CONFERENCE AND PROPOSED DEADLINES FOR DOCKET CONTROL ORDER CONTAINING DISCOVERY ORDER

The Court, *sua sponte*, issues this Notice of Scheduling Conference and Proposed Deadlines for Docket Control Order Containing Discovery Order.

### Notice of Scheduling Conference

Pursuant to FED. R. CIV. P. 16 and Local Rule CV-16, the Scheduling Conference in this case is set for **Wednesday, August 14, 2002 at 10:00 a.m.**[1] The parties are directed to meet and confer in accordance with FED. R. CIV. P. 26(f) no later than August 1, 2002, fourteen days before the conference. The parties are excused from the requirement of filing a written proposed discovery plan in this case.

### Pre-Scheduling Conference Meeting

When the parties confer with each other pursuant to rule 26(f), in addition to the matters covered by Rule 26(f), the parties must discuss the following topics which will then be addressed at the Scheduling Conference:

(1)   Proposed modification of the deadlines in the Proposed Docket Control Order set

---

[1] The hearing will be conducted at 500 N. State Line, Third Floor Courtroom, Texarkana Texas, 75501.

forth in the attached Appendix A;

(2) The need for and modification of the proposed specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

(3) The proposed entry of the Protective Order and the terms set forth in the attached Appendix B; and

(4) The possibility of early mediation.

## Proposed Deadlines for Docket Control Order

The proposed deadlines for the Docket Control Order as well as the disclosure rules and discovery in patent case, set forth in the attached Appendix A, shall be discussed at the Scheduling Conference. The Court will not modify the trial date except for good cause shown.

## General Discovery Order

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under FED. R. CIV. P. 16, it is ordered as follows:

1. **Protective Orders.** Upon the request of any party during or after the Scheduling Conference, the Court shall issue the Protective Order in the form attached as Appendix B. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

2. **Discovery Limitations.** At the Scheduling Conference, the Court shall also discuss limiting discovery in this action to the disclosures provided for in the Proposed Docket Control Order together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of four (4) expert witnesses per side and sixty (60) hours of additional depositions per side. "Side" means a party or a group of parties with a common interest.

Any party may move to modify these limitations for good cause.

3. **Privileged Information.** There is no duty to disclose privileged documents or information. Once the parties have exchanged privilege logs in accordance with the Proposed Docket Control Order, any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If the parties have no disputes concerning the privileged documents or information, then the parties shall inform the Court of that fact in accordance with the Proposed Docket Control Order.

4. **Duty to Supplement.** After disclosure is made pursuant to the Proposed Docket Control Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

5. **Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

## Other General Rules

1. **No Excuses.** A party is <u>not</u> excused from the requirements of the Proposed Docket Control Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent Court order to the contrary, a party is <u>not</u> excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

2. **Local Rule CV-7(d).** The parties are directed to Local Rule CV-7(d) which provides, in part, that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **15 days** in which to serve and file supporting documents and briefs, **after which the Court will consider the submitted motion for decision.**

3. The Court will refuse to entertain any motion filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith to resolve the matter.

4. The following excuse will not warrant a continuance not justify a failure to comply with the discovery deadline: The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case.

**IT IS SO ORDERED.**

**SIGNED** this 19th day of June, 2002.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

## APPENDIX A

## PROPOSED DOCKET CONTROL ORDER
## TO BE DISCUSSED AT THE SCHEDULING CONFERENCE
## ON AUGUST 14, 2002

| | |
|---|---|
| **Monday,** <br> **September 16, 2002** | **Final Date to Join Additional Parties** |
| **September 16, 2002** | **Initial Disclosure.** <br> Without additional discovery requests, each party shall provide: (1) correct names of parties to lawsuit; (2) name, address, and telephone number of any potential parties; (3) legal theories and factual bases of the party's claims or defenses; (4) name, address, and telephone number of persons having knowledge of relevant facts, their connection with the case and a brief summary of the substance of information known by any such person; (5) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment or to indemnify or reimburse for payments made to satisfy a judgment; (6) any settlement agreements relevant to the action; and (7) any settlement of any party to litigation. <br><br> **Document Disclosures.** <br> Without additional discovery requests, each party shall provide: (1) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action, other than as provided hereinafter. Alternative forms of disclosure in lieu of paper copies may be agreed upon by the parties; (2) a complete computation of any category of damages claimed by any party to the action, documents or other evidentiary material on which the computation is based, including materials bearing on the nature and extent of injuries suffered; and (3) documents and authorization described in Local Rule CV-34, if applicable. |
| **September 16, 2002** | **Initial Disclosures of Asserted Claims (Any party asserting infringement); Document Production Accompanying Initial Disclosure of Asserted Claims; Preliminary Infringement Contentions.** <br> The party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of |

Asserted Claims and Preliminary Infringement Contentions" shall contain the following information: **(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party; **(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible, Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, devise, or apparatus which, when used, allegedly results in the practice of the claimed method or process; **(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; **(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; **(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and **(f)** If a party claiming patent infringement wishes to preserve the right to reply, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporated or reflects that particular claim.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying; **(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102; **(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date, whichever is earlier; and **(c)** A

copy of the file history for each patent in suit. The producing party shall separately identify by production number which documents correspond to each category.

| | |
|---|---|
| **October 14, 2002** | **Initial Disclosure of Prior Art; Document Production Accompanying Initial Disclosure of Prior Art; Preliminary Invalidity Contentions.** |

Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information: **(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); **(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; **(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item or prior art that performs the claimed function; and **(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. §112(1) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: **(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in it's infringement

3

|  |  |
|---|---|
|  | charts; and **(b)** A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not is English, an English translation of the portion(s) relied upon must be produced. |
| **November 18, 2002** | **Privilege Logs to be exchanged by parties.**<br>Unless alternate arrangements can be made, the parties will exchange privilege logs identifying the document or information and the basis for claims of privilege, in a manner that without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. |
| **December 2, 2002** | **Exchange of Proposed Terms and Claim Construction Elements for Construction.**<br>Each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. |
| **January 3, 2003** | **Advise Court of Privilege Disputes.**<br>Joint letter to the Court from Plaintiff and each Defendant stating whether or not there are any disputes as to claims of privileged documents and, if so, identifying those disputes. |
| **February 3, 2003** | **Exchange of Preliminary Claim Construction and Extrinsic Evidence.**<br>The parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each elements which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any |

such witness, percipient, or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**February 24, 2003**     **Plaintiffs' Expert Report Due on Claim Construction Issues.**
The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**March 17, 2003**     **Final Date to Amend Pleadings Without Leave of Court.**
It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after March 31, 2003.

**March 24, 2003**     **Defendants' Expert Reports Due on Claim Construction Issues.**
The reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**April 7, 2003**     **Parties to Meet and Confer Regarding Construction Issues.**
On or before this date, all parties shall meet and confer for the purpose of preparing a Joint Claim Construction Statement.

**April 21, 2003**     **Joint Claim Construction Statement.** The parties must complete and file a Joint Claim Construction Statement, which shall contain the following information: **(1)** the construction of those claims and terms on which the parties agree; **(2)** each party's proposed construction of each disputed claim and term, supported by the same information that is required in the Claim Construction Statement and Response; and **(3)** the identity of witnesses to be called at the claims construction hearing, the subject matter of each witness' testimony, and an

|  |  |
|---|---|
|  | estimate of the time required for the testimony. |
| **April 21, 2003** | **Parties to Answer Amended Pleadings.** |
| **May 5, 2003** | **Discovery Deadline Regarding Claims Construction.** |
| **June 2, 2003** | **Plaintiffs'** *Markman* **Briefs Due.** |
| **June 23, 2003** | **Defendants'** *Markman* **Briefs Due.** |
| **June 30, 2003** | **Reply** *Markman* **Briefs Due.** |
| **July 14, 2003** | ***Markman* Hearing Deadline.** |
| **July 28, 2003** | **Plaintiffs to Designate Expert Witnesses (for issues other than claim construction).** Designation shall include: **(a)** expert's name, address, telephone number; **(b)** subject matter on which expert will testify; **(c)** the expert's current resume and bibliography. |
| August 11, 2003 | **Provide Copy to Plaintiffs of any Opinion of Counsel that Defendants will Rely upon as Defense to Willful Infringement.** |
| **August 25, 2003** | **Defendants to Designate Expert Witnesses (for issues other than claim construction).** Designation shall include: **(a)** expert's name, address, telephone number; **(b)** subject matter on which expert will testify; **(c)** the expert's current resume and bibliography. |
| September 6, 2003 | **Expert Witness Reports Due for the Party with the Burden of Proof on Claim or Defense.** The reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. |
| **September 13, 2003** | **Fact Discovery Must be Completed by this Date.** |

6

| | |
|---|---|
| **September 27, 2003** | **Responsive Expert Witness Reports Due.**<br>The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. |
| **November 10, 2003** | **Plaintiffs to Identify Trial Witnesses.** |
| **November 24, 2003** | **Expert Discovery Must be Completed by this Date.** |
| **December 1, 2003** | **Mediation to be Complete.**<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator. If the parties choose the mediator, they are to inform the Court by letter of the name and address of the mediator. The courtroom deputy will immediately mail out a "mediation packet" to the mediator for the case. The mediator shall be deemed to have agreed to the terms of the Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation. |
| **December 15, 2003** | **Defendants to Identify Trial Witnesses.** |
| **December 15, 2003** | **Dispositive Motions and any other Motions that may Require a Hearing, Including *Daubert* Motions Must be Filed by this Date.**<br>Motions for Summary Judgment and responses shall comply with Local Rule CV 56. |
| **January 5, 2004** | **Responses to Dispositive and *Daubert* Motions.**<br>As to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, responses shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment and responses shall comply with Local Rule CV 56. |
| **January 12, 2004** | **Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict shall be Filed.** |
| **January 19, 2004** | **Motions in Limine.**<br>By this date, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, (903) 794-0600. |

7

| | |
|---|---|
| **February 2, 2004** | **Advise Court as to Disputed Portions of Limine Motions.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before th pretrial conference which paragraphs are agreed to and those that need to be addressed at the pretrial conference via facsimile transmission, (903) 794-0600. |
| **February 16, 2004** | **Final Pretrial Conference** 9:00 a.m. in Texarkana, Texas |
| **March 1, 2004** | **Jury Selection** 9:00 a.m. in Texarkana, Texas |

## APPENDIX B

## PROPOSED PROTECTIVE ORDER

The Court, *sua sponte,* issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or

produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include the following: (a) advertising materials; (b) materials that on their face show that they have been published to the general public; and (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no

longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   (a) Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

   (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

   (c) The Court.

   Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties

receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public

record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.