IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| THE MASSACHUSETTS INSTITUTE | § | |
| OF TECHNOLOGY, ET AL. | § | |
| **Plaintiffs** | § | |
| | § | |
| V. | § | No. 5:01CV344 |
| | § | |
| ABACUS, ET AL. | § | |
| **Defendants** | § | |

## ORDER FROM SCHEDULING CONFERENCE AND DOCKET CONTROL ORDER

The Court issues the following Order from the August 14, 2002 Scheduling Conference. The Docket Control Order is attached as Exhibit "A" to this Order.

### Protective Order

The parties initially disagreed as to whether the Requesting Party's in-house counsel should have access to the Producing Party's confidential and highly confidential information. Defendants proposed a protective order with a two-tier designation scheme, the lower tier of which is accessible to in-house counsel. Plaintiffs indicated in a letter submitted to the Court that they would agree to a second designation of "HIGHLY CONFIDENTIAL" for source code and other highly confidential materials with access limited to outside counsel only. Therefore, the Court orders Defendant(s) to submit a copy of their proposed protective order for the Court's signature by Friday, August 23, 2002, with the following modifications:

(1) The prefix for Electronics for Imaging, Inc. should be "EFI" instead of "EII;"

(2) The language "CONFIDENTIAL" is a sufficient designation for a Confidential Item under the Protective Order (*e.g.*, If a Producing Party wishes to confer the protections of this Protective Order on a Confidential Item, such party must produce such Confidential Item bearing the designation "CONFIDENTIAL," instead of "CONFIDENTIAL – See Protective Order



in E.D. Tex. No. 5:01CV344." Defendants' Proposed Protective Order, ¶ 6); and

(3)    In-house counsel working directly on this litigation should be permitted to attend all depositions (*see* ¶ 10).

### Document Production on CDs

The Court agrees with Defendants that they potentially have a great deal more production than Plaintiffs, and the production of documents on CD should be at Plaintiffs' cost. The Court will allow Plaintiffs the option of requesting production of documents on CD if they are willing to bear the costs thereof.

### Six Sides

For purposes of discovery only, the Court will allow the organization of Defendants into the following six groups or "sides:" (1) computers, (2) cameras, (3) scanners, (4) software, (5) resellers, and (6) digital image processing products. The Court understands the organization is subject to change if discovery reveals new sides need to be created or existing sides need to be consolidated.

### Liaison Counsel

The Court declines to appoint liaison counsel for the purposes of (1) service obligations by Plaintiffs, and (2) the meet and confer requirements of the Local Rules. Local Rule CV-7(h) provides all motions, except (1) motions to dismiss, (2) motions for judgment on the pleadings, (3) motions for summary judgment, (4) motions for judgment as a matter of law, (5) motions for new trial, (6) motions for admission to practice *pro hac vice*, and (7) motions captioned as "joint," "agreed upon," or "unopposed," must be accompanied by a "certificate of conference" at the end of the motion. The certificate must state (1) that counsel has conferred with opposing counsel in a good

faith attempt to resolve the matter without court intervention, and (2) whether the motion is opposed or unopposed.

In this lawsuit, there are approximately 150 Defendants.  When Plaintiffs serve a motion or other paper directed toward an individual or Defendant, Plaintiffs need only meet and confer with and serve that individual or Defendant.  Likewise, if a Defendant(s) serves a motion or other paper directed toward Plaintiffs, Defendant need only meet and confer with and serve Plaintiffs.  Should Plaintiffs file a motion or other paper directed toward a "side" or toward Defendants collectively, Plaintiffs will need to confer and meet with and serve each affected Defendant with the motion or other paper, unless a different agreement is reached with the "side" or Defendants as a whole.

## *Markman* Hearing & Deadlines in the Docket Control Order

The Court, having considered the briefing and arguments presented at the scheduling conference, issues a Docket Control Order for the above-entitled and numbered cause of action, which is attached as Exhibit "A" to this Order.

## Specific Discovery Deadlines

Plaintiffs suggest there should be no individualized discovery, other than the initial disclosures deadlines contained in the Docket Control Order, until the Court issues its *Markman* ruling. The Court agrees. Therefore, the Court orders the following specific limits on discovery will apply after the Court's *Markman* ruling:

(1) 40 common interrogatories per side and up to 20 additional interrogatories per party;

(2) 40 common requests for admission per side and up to 20 additional requests for admission per party;

(3) the depositions of the parties;

3

(4) 40 hours of additional depositions per side and up to 20 additional hours of depositions per party; and

(5) each side shall be limited to four expert witnesses designated to testify at trial, all of whom may be deposed.

After the Court's *Markman* ruling, the parties may engage in individualized discovery, including discovery regarding marking and notice.

## General Discovery Order

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under FED. R. CIV. P. 16, it is ordered as follows:

1.  **Protective Order.** The Court shall enter Defendants' Proposed Protective Order, with the added modifications, as the Protective Order in this cause of action. Any party may move to modify the terms of the Protective Order for good cause.

2.  **Sides.** "Side" means a party or a group of parties with a common interest. In the event discovery reveals it necessary, any party may move to create a new "side" or to consolidate existing "sides" for good cause.

3.  **Privileged Information.** There is no duty to disclose privileged documents or information. Once the parties have exchanged privilege logs in accordance with the Docket Control Order, any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If the parties have no disputes concerning the privileged documents or information, then the parties shall inform the Court of that fact in accordance with the Docket Control Order.

4.  **Duty to Supplement.** After initial disclosures are made pursuant to the Docket Control Order, each party is under a duty to supplement or correct its disclosures immediately if the

4

party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

5.      **Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

**Other General Rules**

1.      **No Excuses.** A party is <u>not</u> excused from the requirements of the Docket Control Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent Court Order to the contrary, a party is <u>not</u> excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

2.      **Local Rule CV-7(d).** The parties are directed to Local Rule CV-7(d) which provides, in part, that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **15 days** in which to serve and file supporting documents and briefs, **after which the Court will consider the submitted motion for decision.**

3.      The Court will refuse to entertain any motion not exempted under Local Rule CV-7(h) unless the movant advises the Court that counsel for the parties have first conferred in a good faith attempt to resolve the matter.

4.      The following excuse will not warrant a continuance nor justify a failure to comply with the discovery deadline: The fact that one or more of the attorneys is set for trial in another court

on the same day, unless the other setting was made prior to the date of this order or was made

as a special provision for the parties in the other case.

**IT IS SO ORDERED.**

**SIGNED** this **23**$^{rd}$ day of August, 2002.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

6

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| THE MASSACHUSETTS INSTITUTE | § | |
| OF TECHNOLOGY, ET AL. | § | |
|     Plaintiffs | § | |
| | § | |
| V. | § | No.  5:01CV344 |
| | § | |
| ABACUS, ET AL. | § | |
|     Defendants | § | |

## DOCKET CONTROL ORDER

**Wednesday,**
**August 28, 2002**    **Final Date to Join Additional Parties**

**August 28, 2002**    **Initial Disclosure.**
Without additional discovery requests, each party shall provide: (1) correct names of parties to lawsuit; (2) name, address, and telephone number of any potential parties; (3) legal theories and factual bases of the party's claims or defenses; (4) name, address, and telephone number of persons having knowledge of relevant facts, their connection with the case and a brief summary of the substance of information known by any such person; (5) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment or to indemnify or reimburse for payments made to satisfy a judgment; (6) any settlement agreements relevant to the action; and (7) any settlement of any party to litigation.

**Document Disclosures.**
Without additional discovery requests, each party shall provide: (1) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action, other than as provided hereinafter.  Alternative forms of disclosure in lieu of paper copies may be agreed upon by the parties; (2) a complete computation of any category of damages claimed by any party to the action, documents or other evidentiary material on which the computation is based, including materials bearing on the nature and extent of injuries suffered; and (3) documents and authorization

described in Local Rule CV-34, if applicable.

With respect to foreign defendants, who need additional time due to translation and travel issues, the deadline is October 15, 2002.

**Tuesday
September 3, 2002**

**Initial Disclosures of Asserted Claims (Any party asserting infringement); Document Production Accompanying Initial Disclosure of Asserted Claims; Preliminary Infringement Contentions.**
The party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information: **(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party; **(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible, Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, devise, or apparatus which, when used, allegedly results in the practice of the claimed method or process; **(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; **(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; **(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and **(f)** If a party claiming patent infringement wishes to preserve the right to reply, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporated or reflects that particular claim.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement

2

must produce to each opposing party or make available for inspection and copying; **(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102; **(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date, whichever is earlier; and **(c)** A copy of the file history for each patent in suit.  The producing party shall separately identify by production number which documents correspond to each category.

Plaintiffs' Initial Disclosures shall include all information pertaining to the type of infringement, actual notice provided of the infringement, and Plaintiffs' and their licensees' marking efforts.

| | |
|---|---|
| **Tuesday**<br>**October 15, 2002** | **Initial Disclosure of Prior Art; Document Production Accompanying Initial Disclosure of Prior Art; Preliminary Invalidity Contentions.** |

Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information: **(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); **(b)** Whether each item

3

of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; **(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item or prior art that performs the claimed function; and **(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. §112(1) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: **(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in it's infringement charts; and **(b)** A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not is English, an English translation of the portion(s) relied upon must be produced.

| | |
|---|---|
| **Monday November 18, 2002** | **Privilege Logs to be exchanged by parties.** Unless alternate arrangements can be made, the parties will exchange privilege logs identifying the document or information and the basis for claims of privilege, in a manner that without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. |
| **November 18, 2002** | **Exchange of Proposed Terms and Claim Construction Elements for Construction.** Each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. |
| **December 9, 2003** | **Exchange of Preliminary Claim Construction and Extrinsic Evidence.** |

4

The parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each elements which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient, or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**December 30, 2002**        **Plaintiffs' Expert Reports Due on Claim Construction Issues.**
The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**January 13, 2003**        **Defendants' Expert Reports Due on Claim Construction Issues.**
The reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**January 20, 2003**        **Last Day for Parties to Meet and Confer Regarding Construction Issues.**
On or before this date, all parties shall meet and confer regarding the

terms and elements to be construed, for the purpose of preparing a Joint Claim Construction Statement, and for identifying any privilege disputes.

**January 27, 2003**    **Advise Court of Privilege Disputes.**
Joint letter to the Court from Plaintiff and each Defendant stating whether or not there are any disputes as to claims of privileged documents and, if so, identifying those disputes.

**January 27, 2003**    **Joint Claim Construction Statement.**  The parties must complete and file a Joint Claim Construction Statement, which shall contain the following information: **(1)** the construction of those claims and terms on which the parties agree; **(2)** each party's proposed construction of each disputed claim and term, supported by the same information that is required in the Claim Construction Statement and Response; and **(3)** the identity of witnesses to be called at the claims construction hearing, the subject matter of each witness' testimony, and an estimate of the time required for the testimony.

**Friday**
**January 31, 2003**    **Discovery Deadline Regarding Claims Construction.**
Deadline for depositions of experts regarding claim construction.

**Monday**
**February 3, 2003**    **Opening *Markman* Briefs Due.**

**Wednesday**
**February 12, 2003**    **Reply *Markman* Briefs Due.**

**February 19, 2003**    ***Markman* Hearing**

**Monday**
**March 10, 2003**    **Early Mediation Deadline**

**March 17, 2003**    **Final Date to Amend Pleadings Without Leave of Court.**
It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after March 17, 2003.

**April 21, 2003**    **Parties to Answer Amended Pleadings.**

**June 16, 2003**    **Plaintiffs to Designate Expert Witnesses (for issues other than claim construction).**

6

Designation shall include: **(a)** expert's name, address, telephone number; **(b)** subject matter on which expert will testify; **(c)** the expert's current resume and bibliography.

**July 28, 2003**          **Defendants to Designate Expert Witnesses (for issues other than claim construction).**
Designation shall include: **(a)** expert's name, address, telephone number; **(b)** subject matter on which expert will testify; **(c)** the expert's current resume and bibliography.

**August 4, 2003**         **Fact Discovery Must be Completed by this Date.**

**August 25, 2003**        **Expert Witness Reports Due for the Party with the Burden of Proof on Claim or Defense.**
The reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**September 29, 2003**     **Responsive Expert Witness Reports Due.**
The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**November 10, 2003**      **Plaintiffs to Identify Trial Witnesses.**

**November 24, 2003**      **Expert Discovery Must be Completed by this Date.**

**December 1, 2003**       **Second Round of Mediation to be Complete.**
If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator.  If the parties choose the mediator, they are to inform the Court by letter of the name and address of the mediator.  The courtroom deputy will

7

immediately mail out a "mediation packet" to the mediator for the case. The mediator shall be deemed to have agreed to the terms of the Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation.

**December 15, 2003**    **Defendants to Identify Trial Witnesses.**

**December 22, 2003**    **Dispositive Motions and any other Motions that may Require a Hearing, Including *Daubert* Motions Must be Filed by this Date.** Motions for Summary Judgment and responses shall comply with Local Rule CV 56.

**January 12, 2004**    **Responses to Dispositive and *Daubert* Motions.** As to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, responses shall be due in accordance with Local Rule CV-7(e).   Motions for Summary Judgment and responses shall comply with Local Rule CV 56.

**January 19, 2004**    **Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict shall be Filed.**

**January 26, 2004**    **Motions in Limine.** By this date, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, (903) 794-0600.

**February 2, 2004**    **Advise Court as to Disputed Portions of Limine Motions.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pretrial conference which paragraphs are agreed to and those that need to be addressed at the pretrial conference via facsimile transmission, (903) 794-0600.

**February 16, 2004**    **Final Pretrial Conference** 9:00 a.m. in Texarkana, Texas

**March 1, 2004**    **Jury Selection** 9:00 a.m. in Texarkana, Texas

SIGNED this 23rd day of August, 2002.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

8