E.O.D. 11/4/03

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV  4 2003

DAVID J. MALAND, CLERK
BY
DEPUTY _____

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY and ELECTRONICS FOR IMAGING, INC., | § § § | |
| Plaintiffs, | § | No. 5:01CV344 |
| | § | Judge David Folsom |
| v. | § | |
| | § | Magistrate Judge Caroline M. Craven |
| ABACUS SOFTWARE INC. et al., | § | |
| Defendants | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges dated January 15, 1994, Joint Motion for Entry of Revised Docket Control Order (Docket Entry # 1379) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court concludes the motion is well taken and will be **GRANTED**.

The parties agree, in general, that it is appropriate to begin with the Court's original *Order from the Scheduling Conference and Docket Control Order* (Docket Entry # 670) and move each of the stayed original dates forward by approximately six months. The parties propose moving the trial date to the beginning of November of 2004, in order to address conflicts in the trial calendars of the parties.

The parties disagree on three issues. Defendants take the position that general individualized discovery is presently closed and should remain closed until December 15, 2003. Plaintiffs take the position the Court's original *Order from the Scheduling Conference*

1387-1

*and Docket Control Order* (Docket Entry # 670) provides that individualized and general discovery is now open in light of the issuance of Judge Folsom's ruling on the Report and Recommendation on Claim Construction. Defendants want the parties to amend their prior infringement and invalidity contentions prior to proceeding with individualized discovery, and Plaintiffs do not want to amend their infringement contentions without discovery. Finally, Defendants seek a date for the close of discovery on the notice and marking issues so that Defendants can file a dispositive motion related to this issues. Plaintiffs, on the other hand, assert discovery on notice and marking should not be closed.

## INDIVIDUALIZED DISCOVERY

Defendants rely on the Court's *Order Granting Joint Motion to Stay Deadlines* (Docket Entry # 1298), which stayed each of the remaining deadlines set forth in the *Order from the Scheduling Conference and Docket Control Order* (Docket Entry # 670). Moreover, Defendants assert it makes little sense to immediately open general discovery in light of Judge Folsom's *Markman* decision and the on-going discovery into notice and marking. Defendants ask the Court to defer the opening of general individualized discovery until after Plaintiffs and Defendants have updated their respective infringement and invalidity contentions in light of Judge Folsom's *Markman* decision and until after Defendants' Motion for Summary Adjudication of Notice and Marking Under 35 U.S.C. § 287 is fully briefed by the parties and decided by the Court. Therefore, Defendants request that general discovery not begin until December 15, 2003. Plaintiffs assert the Court opened general individualized

discovery as of September 15, 2003, when it issued its *Markman* ruling, and the Court's *Order Granting Joint Motion to Stay Deadlines* (Docket Entry # 1298) did not stay such discovery.

## INFRINGEMENT AND INVALIDITY CONTENTIONS

In light of the Court's *Markman* ruling and the impact of that decision on the parties' positions, Defendants believe it is essential that the parties amend their prior infringement and invalidity contentions prior to proceeding with individualized discovery. Plaintiffs take the position they should not be required to update their infringement contentions in this matter until two weeks after the proposed date for the close of fact discovery on the basis that the Court's *Markman* decision "thrust" certain means-plus-functions limitations upon Plaintiffs and that any update would be unfair prior to complete discovery. Plaintiffs assert they should not be forced to prematurely amend their infringement contentions without discovery.

## DISCOVERY ON NOTICE AND MARKING

Defendants seek a date for the close of discovery on the notice and marking issues so that Defendants can file a dispositive motion related to this issues. Plaintiffs, on the other hand, assert discovery on notice and marking should not be closed. Plaintiffs state Defendants have not identified any patented articles that were not marked in their responses to Plaintiffs' notice and marking discovery. Plaintiffs ague Defendants' failure to identify unmarked patented articles requires, out of fairness, discovery to continue until Defendants

file their summary judgment motion identifying the articles. Plaintiffs contend, at that time, the Court can properly provide a time limit for conducting responsive discovery.

## DISCUSSION

The Court agrees with Plaintiffs that general, individualized discovery was opened as of September 15, 2003, when Judge Folsom issued his ruling on the Report and Recommendation on Claim Construction. The Court further agrees that the *Order Granting Joint Motion to Stay Deadlines* (Docket Entry # 1298) only stayed the remaining deadlines listed in the Docket Control Order and attached to the Order as Exhibit A. The Order did not intend to address general, individualized discovery. Therefore, such discovery is currently open pursuant to the Court's *Order from the Scheduling Conference and Docket Control Order* (Docket Entry # 670).

As for the deadline for amending the parties' infringement and invalidity contentions, the Court agrees with Defendants that in light of the Court's *Markman* ruling and the impact that decision has had on the respective positions of the parties, the parties should amend their prior infringement and invalidity contentions. Plaintiffs indicate they have already served some discovery, and some Defendants are responding. Therefore, Plaintiffs will have the benefit of some discovery prior to having to amend their infringement contentions. The Court is not convinced Plaintiffs will be harmed by having to amend prior to the close of discovery.

In fact, according to Judge Ward's Patent Rules used by the Court as guidance, each

party's preliminary contentions are deemed to be that party's final contentions except that if a party claiming patent infringement believes in good faith that the Court's Claim Construction ruling requires, not later than 30 days after entry by the Court of the Claim Construction ruling, that party may serve "Final Infringement Contentions" without leave of court. (Patent Rules 3-6). Other than as expressly provided in the rules 3-6 above, Plaintiffs would be permitted to amend or modify their preliminary or final contentions by Order of the Court, which shall be entered only upon a showing of good cause.

Judge Folsom issued his Claim Construction ruling on September 15, 2003. The parties have had adequate time to review the ruling, including the Court's means-plus-function limitations. The parties shall amend their prior infringement and invalidity contentions in accordance with the attached Amended Docket Control Order.

Finally, the Court is of the opinion discovery into notice and marking should not be closed at this time.[1] The deadline contained in the Amended Docket Control Order for fact discovery includes discovery into notice and marking. However, the fact that discovery is still open does not preclude Defendants from filing their Motion for Summary Adjudication of Notice and Marking Under 35 U.S.C. § 287. Pursuant to the Local Rules, Plaintiffs will have fifteen days in which to file a response to the motion, including necessary summary judgment evidence on the issues raised in the motion. Based on the foregoing, it is

**ORDERED** that the Joint Motion for Entry of Revised Docket Control Order is

---

[1] Discovery on notice and marking has been open since April 2, 2003.

**GRANTED.** The Amended Docket Control Order is attached to this Order as Exhibit A.

**SIGNED** this _4th_ day of November, 2003.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 4 2003

DAVID J. MALAND, CLERK
BY
DEPUTY

E.O.D. 11/4/03

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY, ET AL.<br>Plaintiffs<br><br>V.<br><br>ABACUS, ET AL.<br>Defendants | § § § § § § § § § | No. 5:01CV344 |

## AMENDED DOCKET CONTROL ORDER

| | |
|---|---|
| **November 21, 2003** | **Plaintiffs to Update Preliminary Infringement Contentions** based upon the Court's *Markman* ruling. |
| **December 11, 2003** | **Defendants to Update Preliminary Invalidity Contentions** based upon the Court's *Markman* ruling. |
| **December 15, 2003** | **Plaintiffs to Designate Expert Witnesses** (for issues other than claim construction). Designation shall include (a) expert's name, address, telephone number; (b) subject matter on which expert will testify; and (c) the expert's current resume and bibliography. |
| **January 19, 2004** | **Defendants to Designate Expert Witnesses** (for issues other than claim construction). Designation shall include (a) expert's name, address, telephone number; (b) subject matter on which expert will testify; and (c) the expert's current resume and bibliography. |
| **March 1, 2004** | **Fact Discovery Must be Completed by this Date.** |
| **April 9, 2004** | **Expert Witness Reports Due for the Party with the Burden of Proof on Claim or Defense.** The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered to be used as summary of or support for the opinions; the qualifications of the |

1387-2

witness, including a list of all publications authored by the witness within the preceding ten years; the compensations to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years.

| | |
|---|---|
| April 30, 2004 | **Responsive Expert Reports Due.** The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. |
| April 30, 2004 | **Plaintiffs to Identify Trial Witnesses.** |
| May 28, 2004 | **Expert Discovery Must be Completed by this Date.** |
| June 4, 2004 | **Second Round of Mediation to be Completed.** The parties agree to use the Hon. Robert M. Parker assuming he is available. If Judge Parker is not available, the parties shall meet and confer to select an alternate mediator. If agreement cannot be reached, the Court will appoint a mediator. The courtroom deputy will mail a "mediation packet" to the mediator for the case. The mediator shall be deemed to have agreed to the terms of the Court Ordered Mediation Plan of the United States Court of the Eastern District of Texas by going forth with the mediation. |
| June 11, 2004 | **Defendants to Identify Trial Witnesses.** |
| June 18, 2004 | **Dispositive Motions and any other Motions that may Require a Hearing, Including *Daubert* Motions must be Filed by this Date.** As to dispositive motions filed prior to this date, responses shall be in accordance with Local Rule CV-7(e). Motions for summary judgment and responses shall comply with Local Rule CV-56. |

| | |
|---|---|
| July 9, 2004 | **Responses to Dispositive and *Daubert* Motions.** As to dispositive motions filed prior to the dispositive motion deadline, responses shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment and responses shall comply with Local Rule CV-56. |
| September 17, 2004 | **Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict shall be Filed.** |
| October 1, 2004 | **Motions in Limine Due.** By this date, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, (903) 794-0600. |
| October 8, 2004 | **Advise Court as to Disputed Portions of Limine Motions.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pretrial conference which paragraphs are agreed to and those that need to be addressed at the pretrial conference via facsimile transmission, (903) 794-0600. |
| November 1, 2004 | **Final Pretrial Conference** |
| November 2, 2004 | **Jury Selection** |

SIGNED this ____ day of November, 2003.

/s/ Caroline M. Craven
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

3