UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| (1) THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY, a Massachusetts corporation, and<br>(2) ELECTRONICS FOR IMAGING, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) ABACUS SOFTWARE INC., a Michigan corporation, et al.,<br><br>    Defendants. | Case No. 5:01-CV-00344<br><br>HON. DAVID J. FOLSOM<br>U.S. District Judge<br><br>HON. CAROLINE M. CRAVEN<br>U.S. Magistrate Judge |

## STIPULATION AND FINAL JUDGMENT OF NON-INFRINGEMENT

In order to conserve judicial and party resources, Plaintiffs The Massachusetts Institute of Technology and Electronics for Imaging, Inc. (collectively "Plaintiffs"), and Defendant Microsoft Corp. ("Microsoft") stipulate to entry of judgment of non-infringement of U.S. Patent No. 4,500,919 ("the MIT Patent") based on the Court's claim construction of the term "aesthetic correction circuitry," and therefore respectfully request that the Court enter the Final Judgment of Non-Infringement set forth below. Specifically, the parties stipulate as follows:

1. Claim 1 of the U.S. Patent No. 4,500,919 ("the MIT Patent") is the only asserted claim in this action.

2. Plaintiffs accuse the following Microsoft products of infringing the MIT Patent: (1) all versions of Picture It!, (2) all versions of Windows with ICM 2.x and later, and (3) all versions of the Windows Color System sold on or before expiration of the MIT Patent ("the Accused Products"). The Accused Products sold in the United States between December 28, 1995 and

1

May 4, 2002 are specifically identified in paragraphs 2 and 3 of the Joint Statement of Stipulated Facts attached hereto as Exhibit A.

3. The Accused Products consist entirely of software.

4. Following the parties' appeal in *MIT v. Abacus Software, et al.*, 462 F.3d 1344 (Fed. Cir. 2006), the only remaining issue of claim construction was interpretation of the term "aesthetic correction circuitry."

5. Plaintiffs' proposed construction of "aesthetic correction circuitry" is "an interconnection of electrical elements that the user can interactively control to make desired changes to the appearance signals." Plaintiffs contend that this construction would include the Accused Products when they control or direct the "aesthetic correction circuitry."

6. The Court rejected Plaintiffs' proposed construction. Instead, the Court limited the meaning of the term "aesthetic correction circuitry" to "an interconnection of electrical elements that the user can interactively control to make desired changes *directly upon* appearance signals. The term 'aesthetic correction circuitry' is *limited to hardware, and does not include software*." (Emphasis added).

7. In view of the Court's construction of "aesthetic correction circuitry," Plaintiffs concede, without prejudice to Plaintiffs' right to appeal the Court's claim construction, that the Accused Products cannot infringe literally or by equivalents Claim 1 of the MIT Patent because the Accused Products consist entirely of software.

8. In view of the Court's construction of "acsthetic correction circuitry," the Accused Products do not operate "directly upon" tristimulus appearance signals from scanners. Plaintiffs concede, again without prejudice to Plaintiffs' right to appeal the Court's claim construction, that even if the Court's claim construction permitted software to control or direct the "aesthetic

2

correction circuitry," the Accused Products would not infringe Claim 1 of the MIT Patent either literally or by equivalents as intermediate steps are performed on the signals produced by color scanners before processing by the Accused Products.

9. Microsoft further stipulates to the dismissal without prejudice of Microsoft's counterclaims filed against Plaintiffs in this action. Microsoft reserves all rights in its counterclaims and defenses, and Plaintiffs reserve all rights in their defenses to Microsoft's counterclaims.

10. The parties agree to bear their own fees and costs.

IT IS SO STIPULATED.

DATED: December 7, 2007

Respectfully submitted,

By: /s/ RUSSELL B. HILL

S. CALVIN CAPSHAW (SB 03783900)
ELIZABETH L. DeRIEUX (SB 05770585)
ANDREW W. SPANGLER (SB 24041960)
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
Longview, TX 75601-5157
Telephone: 903/236-9800
Facsimile: 903/236-8787

WILLIAM C. ROOKLIDGE
RUSSELL B. HILL
ANDREW S. DALLMANN
ALYSON G. BARKER
HOWREY LLP
2020 Main Street, Suite 1000
Irvine, CA 92614-8200
Telephone: 949/721-6900
Facsimile: 949/721-6910

Attorneys for Plaintiffs
THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY and ELECTRONICS FOR IMAGING, INC.

By: /s/ ROY W. HARDIN

ROY W. HARDIN
M. SCOTT FULLER
THOMAS G. YOXALL
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Telephone:    214/740-8000
Facsimile:    214/740-8800

WILLIAM LAVENDER
LAVENDER LAW
Post Office Box 1938
210 North Stateline Avenue, Suite 503
Texarkana, TX 75504
Telephone:    870/773-3187
Facsimile:    870/773-3181

Attorneys for Defendant MICROSOFT
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this 7th day of December, 2007, as follows:

*By Electronic Mail:*

Sidney C. Capshaw
Elizabeth L. Derieux
BROWN McCARROLL LLP
1127 Judson Road, Suite 220 (75601)
Longview, Texas 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

William C. Rooklidge
Russell B. Hill
Alyson G. Barker
Andrew S. Dallmann
HOWREY SIMON ARNOLD & WHITE, LLP
2020 Main Street, Suite 1000
Irvine, California 92614-8200
Telephone: (949) 721-6900
Facsimile: (949) 721-6910

/s/ M. Scott Fuller
Attorney for Microsoft

## FINAL JUDGMENT OF NON-INFRINGEMENT

The Court, having considered the forgoing stipulations of the parties, and expressly adopting these stipulations in this Final Judgment, hereby ORDERS, ADJUDGES AND DECREES:

1. That the Accused Products do not infringe Claim 1 of the MIT Patent literally or under the doctrine of equivalents for the reasons set forth in the stipulations;

2. That Microsoft's counterclaims in this action are hereby dismissed without prejudice;

3. That Microsoft reserves all rights in its counterclaims and defenses, and Plaintiffs reserve all rights in their defenses to Microsoft's counterclaims;

3. That the parties shall bear their own fees and costs; and,

4. That this action is otherwise dismissed with prejudice.

IT IS SO ORDERED.

                                                Hon. David J. Folsom
                                                U.S. District Court Judge